Day, J.
The original action was brought in the Court, of Common Pleas of Ashland county, by William Shaw against Hugh Elliott and Moses Elliott, on two promissory-notes. The notes purport to .be signed by each of theElliotts as makers, and on their face are made payable to William Shaw or bearer. The Elliotts denied the execution of the notes. On this issue the case was tried.
On the trial, it appeared that the notes were not in fact made to William Shaw. They came to him by assignment from his brother, Robert Shaw, who, shortly before-his death, transferred them to him as a gift.
After evidence had been given tending to prove the execution of the notes, each of the Elliotts offered himself as a witness, to prove that neither of them signed the notes. To the admission of this evidence the other party objected, on the ground that the plaintiff in the suit claimed the notes in question by assignment from his deceased brother, and that under the provisions of section 313 of the code, the defendants were incompetent, as witnesses, to testify as to facts which transpired before his death. The court sustained the objection, and the Elliotts excepted. Judgment was rendered on the notes in favor of Shaw; and, on error, the district court affirmed the-judgment- The object of the present proceeding is to reverse these judgments.
In all civil cases, section 310 of the code of civil procedure removes the common-law disqualification of parties-as witnesses; but this general provision is limited by section 313 of the code. When the case was tried, this see *433 tion, so far as material to be now considered, was as. follows:
“ No party to a civil action shall be allowed to testify, by-virtue of section 310, in any action where the adverse^ party is the guardian - or trustee of a child or children of a deceased person, or of an idiot, or of a lunatic, or imbecile, or of a deaf and dumb person, or is the executor or administrator of a deceased person, or is a party claiming- or defending as heir, grantee, or devisee of a deceased person,” etc. 68 Ohio L. 127.
It is claimed that the plaintiff below derived his ownership of the notes in suit from his. brother, who' afterward, died; and that he was, therefore, “ claiming” in the action, as “grantee” of a deceased person. This, then, is the-question to be determined: Was he a grantee of the notes,, within the meaning of this section.
A grantee is one to whom a grant is made; and the word grant, is a generic term, applicable to all transfers of real property and incorporeal rights, though, in its largest: sense, it comprehends every thing that is granted or passed, from one to another, and is applied to every-species of property. Bouvier’s Die. The term, however, is so seldom, if ever, applied to the transfer of a chose in action, that: nothing short of a manifest purpose to apply it, would carry that meaning with the use of the word.
In strictness of usage, as well as in ordinary parlance,, the word assignee or indorsee, is applied to one who receives the transfer of a chose in action ; so that the use of the word grantee, in that connection, would be regarded as unusual and improper. Such a use of the word in legal documents or statutes would be extraordinary.
There is nothing contained in the section under cousidertion, to indicate that the word was used therein as having-any unusual application. On the contrary, it appears to be used in its ordinary sense, and full effect is given to the-word by applying it only to the transfer of real property., or such incorporeal rights as properly lie in grant.
*434 Section 313, when the code was adopted, only excluded & party from testifying when the adverse party was an executor or administrator. The section has, however, since then undergone numerous amendments. But instead of ■providing, in general terms, that where one party to a ■•transaction or matter in issue, is unable, for any cause, to testily, the other shall also remain silent, the common-law -disqualification of a party from testifying, removed by section 310, has been restored by section 313 only by successive enactments, cautiously confined, in each instance, to a ■particularly specified circumstance.
At one time, guardians and trustees, in certain specified ■cases, were included, with executors and administrators, as parties having the right to exclude the other party from testifying. At another time, a party claiming or defending as heir or devisee, was included with the privileged •classes; and afterward, a grantee of a deceased person was accorded the same privilege as that of an heir or devisee.
Undoubtedly it would have been consistent with the ■theory upon which these exceptions to the provisions of ■.section 310 were enacted, to have included assignees of personal property and choses in action. Had that been the legislative intent, it is quite apparent, from the particularity ■observed in specifying the cases to be excepted, that assignees would have been mentioned, by adding the words, grantee and assignee, to the class designated by the words, heir and devisee. But, instead of doing that, the word, grantee, was alone inserted between the words, heir and •devisee, as if it was the intent that its meaning should be known by its association. The words, heir and devisee, properly apply exclusively to real property. The word in 'question, then, is so associated in the clause to which it belongs, that the maxim, noscitur a soeiis, clearly applies, :and excludes a construction of the word, grantee, as used In this section, which would extend it beyond its strict and usual meaning as applied to real property.
It follows that the court below erred in not permitting *435 the defendants below to testify as to the execution of the note.

Judgment reversed.